OPINION OF THE COURT
Per Curiam.
Defendant was granted leave to appeal by a Judge of this court so that we could determine whether he was denied *3 effective assistance of counsel in his appeal to the Appellate Division.*
After entry of the judgment against him, defendant appealed to the Appellate Division and, at his request, the court assigned appellate counsel to represent him. Counsel prepared his brief, stating in it that defendant had evaluated the record, and prefaced his discussion of the legal merits with this statement: "As shall be indicated this is the fifth point out of a total of ten points the defendant-appellant wishes his appellate counsel to address. It has substantial merit in light of two recent decisions of the United States Supreme Court in appellate counsel’s opinion; whereas the other points the defendant-appellant seeks to raise do not. ” (Emphasis added.) Counsel then developed and argued the one point he considered meritorious, ineffectiveness of trial counsel. He set forth defendant’s remaining contentions in point II of the appellate brief as follows:
POINT II
"the remaining nine points the defendant-appellant REQUESTED HIS COUNSEL TO REVIEW HAVE BEEN CAREFULLY REVIEWED BY HIS COUNSEL, AND IN LIGHT OF THE RECORD, THE APPLICABLE STATUTORY AND CASE LAW, THEY HAVE BEEN FOUND TO BE WITHOUT MERIT
"These points (issues), which appellate counsel has reviewed and found to be lacking in merit, as submitted by the defendant-appellant to his counsel, are as follows:” (emphasis added).
Counsel thus dismissed out of hand nine arguments that defendant wished to assert. In our view, the procedure he followed denied defendant effective assistance of counsel and requires reversal of the order appealed.
The rule in Anders v California (386 US 738, 744, reh denied 388 US 924) permits appellate counsel to withdraw from representing a defendant if his appeal is "wholly frivolous” (see also, People v Gonzalez, 47 NY2d 606, 612, n 3; People v Crawford, 71 AD2d 38; People v Saunders, 52 AD2d 833). This was not a frivolous appeal, however; counsel deter *4 mined that one of the issues advanced by defendant had substantial merit. That being so, counsel was duty bound to advance it and to serve as an "active advocate in behalf of his client” (Anders v California, supra, at 744). He was not obliged to discuss the nine allegedly meritless claims his client wanted addressed (see, Jones v Barnes, 463 US 745), and he should not have identified them and then disparaged them before the court. By doing so, counsel affirmatively undermined arguments his client wished the court to review and, for all practical purposes, precluded his client from presenting them effectively in a pro se brief.
The procedure to be followed by appellate counsel when a client requests that several points be presented to the court, some with merit and some with none, is to argue the claim found meritorious and make no comment about claims considered frivolous. As to them, counsel should instruct his client why he believes the points frivolous and advise him that if he still thinks they should be addressed, defendant may file a pro se brief with the court. If the client chooses to do so, counsel should protect his client’s opportunity to submit written argument on the points by notifying the court of his intentions.
Inasmuch as the required procedure was not followed in this case, the order should be reversed and the matter remitted to the Appellate Division, which should assign new counsel and consider the appeal de novo (see, People v Casiano, 67 NY2d 906, 907).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.

 This case involves a direct appeal of the judgment of conviction as in People v Casiano (67 NY2d 906) and People v Gonzalez (47 NY2d 606). People v Bachert (69 NY2d 593) details the procedures to be followed when a defendant seeks to collaterally attack the judgment on the ground of ineffective assistance of appellate counsel.