■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DAMION SEELEY, Also Known as DAIMINON SEALEY, Also Known as DALMINON SEELEY, Appellant.—Appeal from judgment of the Supreme Court, New York County (Eugene Nardelli, J.), rendered January 24, 1985, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, and sentencing him, as a predicate felon, to a term of 4 to 8 years, is held in abeyance, the motion by assigned counsel to be relieved is granted and the assignment of new counsel directed.

Assigned counsel, in the *Anders-Saunders* brief *(Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833) filed by him in support of his application to withdraw, indicates that he has reviewed the record and conclusorily states that he is unable to determine any meritorious grounds for appeal. However, he then raises two issues which the court "may wish to review", asserting they do not provide grounds for a meritorious appeal, without indicating why he believes these issues lack merit.

Assigned counsel who moves to be relieved has an obligation not only to investigate the possible merit of any issues, but also to indicate the reasons which lead him to the conclusion that they lack merit *(People v Lowery,* 86 AD2d 537). All matters in the record which might arguably support the appeal should be referred to and discussed *(see, People v Gonzalez,* 47 NY2d 606, 611).

In addition, it appears that at least one, if not both, of the issues put forward for our consideration were apparently advanced by the defendant. "The procedure to be followed by appellate counsel when a client requests that several points be presented to the court, some with merit and some with none, is to argue the claim found meritorious and make no comment about claims considered frivolous. As to them, counsel should instruct his client why he believes the points frivolous and advise him that if he still thinks they should be addressed, defendant may file a *pro se* brief with the court. If the client chooses to do so, counsel should protect his client's opportunity to submit written argument on the points by notifying the court of his intentions." *(People v Vasquez,* 70 NY2d 1, 4.)

Appellate counsel does not seem to have complied with the *Vasquez* requirements. Concur—Asch, J. P., Rosenberger, Ellerin and Smith, JJ.