THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALLACE, Also Known as PRINCE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered September 1, 1983, convicting him of assault in the first degree, robbery in the first degree, and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that Stanley J. Krawitz is relieved as attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Alan Schneier, of 115 South Corona Avenue, Valley Stream, New York, 11580, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Although the defendant in his *pro se* supplemental brief argues that his warrantless arrest was unlawful and the statements he made to the police should have been suppressed, assigned counsel submitted a brief on behalf of the defendant in which he addressed the identical issue including

that certain police conduct was lawful and that statements made by the defendant to law enforcement authorities were properly admitted into evidence at trial. Moreover, assigned counsel maintained that the only meritorious issue which could be raised on the appeal pertained to an erroneous charge by the court, which was rendered moot, and he requested that he be relieved of his assignment since the appeal was wholly frivolous and without merit.

As the Court of Appeals noted in its recent decision in *People v Vasquez* (70 NY2d 1, 4, *rearg denied* 70 NY2d 748), counsel thereby disparaged a claim that his client wanted addressed "and for all practical purposes, precluded his client [if he was so advised] from presenting [it] effectively in a *pro se* brief". Accordingly, new counsel must be assigned. Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.