■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE HARGROVE, Appellant.—Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Balbach, J.), dated March 17, 1982, which denied his *pro se* motion to vacate his judgment of conviction.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the defendant's motion which was to set aside the judgment of conviction on the ground of ineffective assistance of appellate counsel and substituting therefor a provision deeming that branch of the motion an application for a writ of error coram nobis and transferring that branch of the motion to this court for determination; as so modified, the order is affirmed.

The Court of Appeals has recently determined that "a common-law coram nobis proceeding brought in the proper appellate court is the only available and appropriate procedure and forum to review a claim of ineffective assistance of appellate counsel" *(People v Bachert,* 69 NY2d 593, 595-596). Therefore this court will decide the issue of ineffective assistance of appellate counsel de novo *(see, People v Hargrove,* 138 AD2d 742 [decided herewith]).

The remaining portion of the defendant's motion to set aside his judgment of conviction was properly denied by the Supreme Court since the ground raised by the defendant was or could have been raised on direct appeal *(see,* CPL 440.10 [2] [a]; *People v Hargrove,* 80 AD2d 753, *lv denied* 52 NY2d 1077), was conclusively refuted by unquestionable documentary proof (CPL 440.30 [4] [c]), and was contradicted by a court record (CPL 440.30 [4] [d] [i]).

In his *pro se* motion before the Supreme Court, the defendant alleged that the trial court improperly charged the jury as to the lesser included offense of manslaughter in the first degree only after the jury had indicated it was deadlocked. On this appeal, the defendant's currently assigned counsel has pointed out that the transcript belies this claim. As an officer of the court, the defendant's appellate counsel properly pointed out this misstatement of fact. This action does not

constitute such a denigration of the defendant's claim as to require relieving appellate counsel and providing new counsel *(see, People v Vasquez,* 70 NY2d 1, 4, *rearg denied* 70 NY2d 748).

We have considered the defendant's other contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.