THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PUJALS, Appellant.

First Department, May 19, 1988

**APPEARANCES OF COUNSEL**

*Carol A. Remer-Smith* of counsel *(Amyjane Rettew* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

*Anthony C. Ginetto* for appellant.

*Carlos Pujals,* appellant *pro se.*

**OPINION OF THE COURT**

ASCH, J.

This is an application by appellate counsel to be permitted

to withdraw. Since this particular motion raises questions which are likely to recur, we feel it appropriate to explain the obligations of counsel on such an application.

The assigned counsel states that he has complied with *People v Saunders* (52 AD2d 833) by making a thorough examination of the record, and concludes that the appeal does not present any nonfrivolous issues. In a 21-page brief, counsel gives a summary of the hearing and trial testimony, without any reference to objections raised by the defense or ruled upon by the court. His discussion and analysis of the issues raised in approximately 1,000 pages of transcript is compressed into a few conclusory paragraphs asserting that there are no nonfrivolous issues which might be advanced on appeal.

Assigned counsel, who files such *Anders-Saunders* brief *(Anders v California,* 386 US 738; *People v Saunders, supra)* seeking to withdraw, has an obligation not only to investigate the possible merit of any issues, but also to indicate the reasons why he concludes they lack merit *(People v Lowery,* 86 AD2d 537). All matters in the record which might arguably support the appeal should be identified and discussed *(see, People v Gonzalez,* 47 NY2d 606, 611).

Counsel, in a supplemental letter submitted to this court, includes a copy of his letter to defendant dated May 12, 1986, which does address and discuss several possible issues.

He expresses his opinion that these issues are not meritorious. Counsel asserts that he intentionally refrained from any discussion of these issues in his brief because of his understanding of the holding of *People v Vasquez* (70 NY2d 1). In that case, appellate counsel argued upon appeal that one issue raised by his client had substantial merit but then identified and rejected nine remaining points the defendant wished to assert, as lacking in merit. The Court of Appeals held that by doing so, counsel affirmatively undermined arguments his client wished the court to review, thereby denying defendant effective assistance of counsel.

However, in *People v Vasquez (supra),* the procedure set forth by the Court of Appeals applies *only* where counsel determines that one or more issues raised by his client have substantial merit: "The procedure to be followed by appellate counsel when a client requests that several points be presented to the court, some with merit and some with none, is to argue the claim found meritorious and make no comment

about claims considered frivolous. As to them, counsel should instruct his client why he believes the points frivolous and advise him that if he still thinks they should be addressed, defendant may file a *pro se* brief with the court." *(People v Vasquez, supra,* at 4).* Where, on the other hand, counsel determines the appeal is " 'wholly frivolous' ", he must file an *Anders-Saunders* brief in accordance with the principles set forth above *(see, People v Vasquez, supra,* at 3).

The fact that assigned counsel's letter to defendant discussed possible issues does not meet the formal requirements of an *Anders-Saunders* brief, and we decline to consider it in conjunction with the appellate brief to remedy the latter's defects. Likewise, defendant's *pro se* supplemental brief raising possible issues cannot substitute for the "single-minded advocacy of appellate counsel" *(People v Casiano,* 67 NY2d 906, 907).

Accordingly, the appeal from the judgment of the Supreme Court, New York County (Burton Roberts, J.), rendered on April 27, 1983, convicting defendant, after jury trial, of murder in the second degree, attempted robbery in the first degree and attempted robbery in the second degree and sentencing him, as a predicate felony offender, to concurrent terms of 20 years to life for the murder, from 7½ to 15 years for the attempted first degree robbery, and from 3½ to 7 years for the attempted second degree robbery, should be recalendared for hearing before a new panel of this court comprised of those Justices hearing appeals on the day of argument hereof, the motion by assigned counsel to be relieved should be granted, without compensation, and new counsel should be assigned.

KUPFERMAN, J. P., ROSS, KASSAL and ELLERIN, JJ., concur.

Assigned counsel relieved without compensation, new counsel assigned and argument of the appeal from a judgment of the Supreme Court, New York County, rendered on April 27, 1983, recalendared for hearing before a new panel.