■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES J. LEWIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (O'Shaughnessy, J.), rendered January 16, 1987, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Ralph M. Cursio is relieved as attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Steven A. Feldman, of 300 Rabro Drive, Suite 152, Hauppauge, N.Y., 11788, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on

654

behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Assigned counsel submitted a brief on behalf of the defendant in which he stated "no meritorious issues of law * * * can be argued" prior to affirmatively arguing the only point which his client requested be raised on appeal. By presenting the appeal in this fashion, counsel thereby disparaged the claim his client wanted addressed (see, People v Vasquez, 70 NY2d 1, 4). Moreover, counsel failed to demonstrate that he had complied with the requirements of People v Vasquez (supra), by advising the defendant that he believed the claim sought to be raised was without merit but that if he wished he could raise it in a pro se brief. Accordingly, new counsel is assigned and consideration of the appeal deferred until the filing of further briefs. Thompson, J. P., Lawrence, Rubin, Harwood and Balletta, JJ., concur.