■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered August 1, 1985, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Clinton B. Smith is relieved as attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Jeffrey L. Levin, of 292 Madison Ave., New York, N.Y. 10017, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on

behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Assigned counsel filed a brief in which he indicated that he "found no meritorious points for appeal" before pointing out six "concerns for appeal" raised by his client. He concluded that the first of those "concerns" seemed to be "obviated" by his client's plea of guilty, and that the merits of the remaining issues "must be weighed against defendant-appellant's admissions at his plea proceeding". The representation provided the defendant by virtue of assigned counsel's brief falls below the standards espoused by the Court of Appeals in *People v Vasquez* (70 NY2d 1), and thus new appellate counsel is assigned and consideration of the appeal deferred until the filing of further briefs *(see, People v Jimenez,* 133 AD2d 350). Mollen, P. J., Brown, Kunzeman, Weinstein and Kooper, JJ., concur.