■ In the Matter of LARRY G. CAMPBELL, as Authorized Representative of the Peregrine Jaycees, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents prohibiting the petitioner from serving as both a clerk and the president of a prison inmate organization known as the Peregrine Jaycees, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated May 20, 1987, which, after a hearing, dismissed the petition. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which she moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Carol Kahn is relieved as attorney for the petitioner and she is directed to turn over all his papers in her possession to new counsel assigned herein; and it is further,

Ordered that John F. Clennan, of Box 1143, Ronkonkoma, New York, 11779, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondents are directed to furnish a copy of any stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the petitioner within 90 days of the date of this decision and order and the respondents shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the petitioner was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Assigned counsel submitted a brief on behalf of the petitioner in which she set forth two points in cursory fashion which the petitioner urged had merit and then requested to withdraw as counsel "because I do not see a colorable issue".

The brief also contained a formal request to withdraw based upon counsel's determination that "there is nothing in the record which would support an attack on the judgment * * * [and] * * * the trial file contains nothing which could be augmented into the record to create an arguable issue on appeal". Counsel thereby disparaged her client's appellate claims and "for all practical purposes, precluded [her] client [if he was so advised] from presenting them effectively in a *pro se* brief" *(People v Vasquez,* 70 NY2d 1, 4; *see, People v Jimenez,* 133 AD2d 350). Accordingly, new counsel must be assigned and consideration of the appeal deferred until the filing of further briefs. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.