■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PRITCHETT, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered March 7, 1985, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the third degree, after a nonjury trial, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted; Patrick W. Cukierski is relieved as attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Robert N. Isseks of Middletown, New York, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this

decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

We have examined the record of the proceedings in this case, and conclude that there are nonfrivolous issues which could be raised on appeal *(see, e.g., People v Bleakley,* 69 NY2d 490; *People v Dawson,* 50 NY2d 311). Since an appeal in this case would not be wholly frivolous, the defendant is entitled to "constitutionally adequate representation" *(Penson v Ohio,* 488 US —, —, 109 S Ct 346, 350; *see also, Anders v California, supra,* at 744; *People v Vasquez,* 70 NY2d 1, 3; *People v Casiano,* 67 NY2d 906, 907; *People v Gonzalez,* 47 NY2d 606, 612, n 3). It is therefore necessary to assign a new attorney to pursue the defendant's appeal *(People v Casiano, supra).* Thompson, J. P., Bracken, Kunzeman and Spatt, JJ., concur.