■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD LILES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered April 6, 1987, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Samuel A. Bernstein is relieved as attorney for the defendant, the brief filed by him on behalf of the defendant is stricken, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Leon Tracy of 1253 East 105th Street, Brooklyn, New York, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file

nine copies of their respective briefs and to serve one copy on each other.

Assigned counsel submitted a brief in which he set forth two contentions which the defendant requested that he raise. Counsel then proceeded to analyze these issues in the brief and demonstrate why they were factually and legally without merit. Counsel thereby disparaged his client's appellate claims and "for all practical purposes, precluded his client [if he was so advised] from presenting them effectively in a *pro se* brief" *(People v Vasquez,* 70 NY2d 1, 4; *see, People v Jimenez,* 133 AD2d 350). Accordingly, new counsel must be assigned and consideration of the appeal deferred until the filing of further briefs.

We further note that the decision in *People v Vasquez (supra)* does not preclude appellate counsel from filing a brief in accordance with the principles set forth in *Anders v California* (386 US 738, *supra, reh denied* 388 US 924). Rather, that decision merely requires that where counsel considers an argument advanced by a defendant to be frivolous, counsel should refrain from identifying and then disparaging the claim in any way before the court, and should instead notify the client of the opportunity to file a *pro se* brief *(see, People v Vasquez, supra,* at 4).

Under the circumstances, the motion of the defendant's assigned counsel to be relieved as counsel is granted and new appellate counsel is assigned *(see, People v Gonzalez,* 47 NY2d 606; *People v Casiano,* 67 NY2d 906; *People v Miller,* 99 AD2d 1021). Mollen, P. J., Bracken, Rubin, Sullivan and Rosenblatt, JJ., concur.