■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERMAN MADERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered April 18, 1988, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Edwin L. Butterfield is

relieved as attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Randall Carmel, 71 New Street, Huntington, New York, 11743, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on original papers (including typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Assigned counsel submitted a brief on behalf of the defendant in which he, *inter alia,* raises, at the defendant's request, the argument that the imposed sentence was unduly harsh and excessive. Counsel then proceeds to disparage this claim by stating that "[i]t cannot be argued that [the imposed] sentence * * * is excessive in light of the plea bargain and the sentencing parameters available to the trial court". By presenting the appeal in this fashion, counsel denied the defendant the effective assistance of counsel *(see, People v Vasquez,* 70 NY2d 1). Moreover, counsel failed to demonstrate that he complied with the requirements of *People v Vasquez (supra),* by advising the defendant that he believed that the defendant's claim that the sentence was excessive was without merit, but that if the defendant wished he could raise it in a *pro se* brief. Accordingly, new counsel is assigned and consideration of the appeal is deferred until the filing of further briefs. Mollen, P. J., Brown, Kunzeman, Eiber and Miller, JJ., concur.