■ In the Matter of HARLEM-DOWLING CHILDREN'S SERVICES, Respondent, v LAVERNE F., Appellant.—Appeal from two orders of the Family Court, New York County (Sheldon M. Rand, F.C.J.), entered on or about November 10, 1988, which, after a June 24, 1988 fact-finding determination of permanent neglect, permanently terminated appellant mother's custody and guardianship over her two daughters, and awarded their custody and guardianship to the Commissioner of Social Services and petitioner, Harlem-Dowling Children's Services, for the purposes of adoption without appellant's consent, is held in abeyance, assigned counsel's application to withdraw is granted without compensation, and new counsel is assigned to prosecute this appeal, without costs.

Assigned appellate counsel has submitted a brief summarizing the evidence and seeking to be relieved on the ground that he has been unable to find meritorious grounds or legal points

of error in support of the appeal. Counsel has also filed, without discussion or analysis of content, appellant's *pro se* "brief" advancing various arguments in her behalf.

In accordance with the procedures enunciated in *People v Saunders* (52 AD2d 833), assigned counsel who determines an appeal to be "wholly frivolous" should bring to the court's attention "anything in the record that might arguably support the appeal". Where, as here, the client has presented issues to be raised on appeal, counsel's obligation is not met by the mere expedient of placing a legal back upon the *pro se* papers and forwarding them to the court. *(See, People v Gonzalez,* 47 NY2d 606.) Rather, assigned counsel who seeks to withdraw "has an obligation not only to investigate the possible merit of any issues, but also to indicate the reasons why he concludes they lack merit". *(People v Pujals,* 137 AD2d 102, 103, *amended* 141 AD2d 339.)

Upon examination of this record and appellant's *pro se* submission, we conclude that there exist appealable issues which require the attention of "single-minded advocacy of appellate counsel". *(People v Casiano,* 67 NY2d 906, 907.) While we express no view on the ultimate disposition of any such issue, we note that these include, *inter alia,* whether the evidence at the hearing regarding the period of permanent neglect covered a "period of more than one year" as required for a finding of permanent neglect, and whether appellant was physically and financially able to maintain contact. (Social Services Law § 384-b.)

Appellate counsel may also deem it appropriate to examine the circumstances under which the children were ultimately placed in a foster care home other than that contemplated at the time of the hearing. Concur—Kupferman, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.