■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN ORVE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered June 11, 1987, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738), in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Le'Roi L. Gill is relieved as attorney for the defendant, the brief filed by him on behalf of the defendant is stricken, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that John Maratta of 47-34 245th Street, Douglaston, New York, 11362, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on one another.

The assigned counsel submitted a brief in which he set forth the contention which the defendant asked him to raise. Counsel then proceeded to analyze this issue in the brief and demonstrate why it was factually and legally without merit, thereby disparaging his client's appellate claims and "for all practical purposes, preclud[ing] his client from presenting them effectively in a *pro se* brief" *(People v Vasquez,* 70 NY2d 1, 4; *see, People v Liles,* 153 AD2d 701, 702). Moreover, it is apparent from the assigned counsel's brief and the attached letter that counsel has not complied with the technical requirement of informing the defendant that he may seek leave to file a *pro se* brief *(Anders v California, supra; People v*

*Saunders,* 52 AD2d 833). Accordingly, new counsel must be assigned and consideration of the appeal deferred until the filing of further briefs *(see, People v Flythe,* 178 AD2d 429).

We further note that the decision in *People v Vasquez (supra)* does not preclude appellate counsel from filing a brief in accordance with the principles set forth in *Anders v California (supra).* Rather, that decision merely requires that where counsel considers an argument advanced by a defendant to be frivolous, counsel should refrain from identifying and then disparaging the claim in any way before the court, and should instead notify the client that he may seek leave to file a *pro se* brief *(see, People v Vasquez, supra,* at 4).

Under the circumstances, the motion of the defendant's assigned counsel to be relieved as counsel is granted and new appellate counsel is assigned *(see, People v Gonzalez,* 47 NY2d 606; *see, People v Casiano,* 67 NY2d 906; *People v Liles,* 153 AD2d 701, *supra).* Bracken, J. P., Lawrence, Balletta and O'Brien, JJ., concur.