■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DUNCAN, Appellant. [602 NYS2d 559] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered May 11, 1992, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Richard L. Parker is relieved as attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Alex Smith, 41 Dolson Ave., Middletown, N.Y. 10940, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by

prior decision and order of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738, *supra)* in which he seeks to be relieved of the assignment to prosecute this appeal. In this brief, counsel states that the defendant asked him to raise as an issue that he was denied effective assistance of counsel. Counsel noted that his issue is not meritorious and then proceeded to discuss at some length why this issue lacks merit. By presenting the appeal in this fashion, counsel denied the defendant the effective assistance of appellate counsel *(see, People v Vasquez,* 70 NY2d 1). Counsel disparaged the claim his client wanted addressed and "for all practical purposes, precluded his client from presenting them effectively in a *pro se* brief" *(People v Vasquez, supra,* at 4; *People v Flythe,* 178 AD2d 429; *cf., People v Pujals,* 137 AD2d 102). Accordingly, new counsel must be assigned and consideration of the appeal deferred until the filing of further briefs. Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.