■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFRED BUNBURY, Appellant. [620 NYS2d 970] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rutledge, J.), rendered June 6, 1990, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Miguel A. Irizarry is relieved as attorney for the defendant, the brief filed by him on behalf of the defendant is stricken, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Arza Feldman, of 1200 Veterans Memorial Highway, Suite 120, Hauppauge, New York, 11788, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on one another.

The defendant's assigned counsel has submitted a brief in which he concludes that there are no nonfrivolous issues to be raised on appeal. The People suggest in their brief that there are colorable issues regarding whether the prosecutor violated the dictates of *People v Rosario* (9 NY2d 286, *cert denied* 386 US 866) and whether the trial court's response to an inquiry by the jury was appropriate. Based on this Court's independent review of the record, we conclude that there are nonfrivolous issues which could be raised on appeal, including, among other things, the issues referred to by the People. Under these circumstances, the motion of the defendant's assigned counsel to be relieved as counsel is granted and new appellate counsel is assigned *(see, People v Davis,* 73 NY2d 864; *People v Cosiano,* 67 NY2d 906; *People v Brown,* 199 AD2d 327; *People v Pritchett,* 149 AD2d 741). Bracken, J. P., Miller, Lawrence and Santucci, JJ., concur.