*Himelein*, 221 AD2d 138, 143-144, *revd on other grounds* 89 NY2d 431). Further, Stout waived his objection to the sufficiency of the verification of the petition by failing to give "notice with due diligence to the attorney of the adverse party that he elect[ed]" to treat the petition as a nullity (CPLR 3022; *see, Matter of O'Neil v Kasler*, 53 AD2d 310, 315). In any event, we conclude that the petition was properly verified (*see*, CPLR 3020 [d] [3]; 3021).

Turning to the merits, we reject petitioner's contention that, absent an Executive Order issued by the Governor pursuant to Executive Law § 63-d (1), the Attorney-General and his staff are without jurisdiction to assist in the prosecution of any criminal case in which the defendant may be subject to the death penalty. Section 63-d (1) provides that the Attorney-General shall provide assistance in death penalty cases "whenever required by the governor or his designee" upon a proper request of the governor by a District Attorney. The statute merely requires the Attorney-General to exercise his prosecutorial authority under certain circumstances in death penalty cases; it does not place jurisdictional limits on that authority. Nothing in Executive Law § 63-d prohibits the Attorney-General from providing the services of an Assistant Attorney-General to aid in the prosecution of a death penalty case or presents "any jurisdictional bar to the appointment of a member of the Attorney-General's staff as an Assistant District Attorney to perform prosecutorial duties under the direction of the District Attorney" (*Matter of Haggerty v Himelein, supra*, 89 NY2d, at 437).

Thus, because petitioner has failed to establish that respondents have acted or threatened to act without or in excess of jurisdiction (*see*, CPLR 7803 [2]), the petition is dismissed (*see, Matter of Haggerty v Himelein, supra*, 89 NY2d, at 437). (Original Proceeding Pursuant to CPLR art 78.) Present—Green, J. P., Lawton, Hayes, Wisner and Boehm, JJ.

■■■ PEOPLE, Respondent, v ALBERT MATTHEWS, Appellant. [670 NYS2d 373] —Motion for writ of error coram nobis granted and order entered November 19, 1993 (198 AD2d 847) vacated. Memorandum: Defendant contends that he was denied effective assistance of appellate counsel because counsel failed to raise an issue on direct appeal that would have resulted in reversal, i.e., whether defendant was present during the *Sandoval* conference. Upon our review of the record, we conclude that the issue may have merit. Therefore, the order of November 19, 1993 is vacated and this Court will consider the appeal de novo (*see, People v Vasquez*, 70 NY2d 1, *rearg denied*

70 NY2d 748; *People v LeFrois,* 151 AD2d 1046). Defendant's counsel is directed to file and serve defendant's brief on or before December 1, 1997, and, if so filed and served, the appeal is to be added to the calendar for the term of Court commencing February 17, 1998. Present—Denman, P. J., Green, Lawton, Boehm and Fallon, JJ.

◼ PEOPLE, Respondent, v DAYTON T. STOKES, Appellant. [670 NYS2d 374] —Motion for writ of error coram nobis granted and order entered November 19, 1993 (198 AD2d 847) vacated. Memorandum: Defendant contends that he was denied effective assistance of appellate counsel because counsel failed to raise an issue on direct appeal that would have resulted in reversal, i.e., whether defendant was present during the *Sandoval* conference. Upon our review of the record, we conclude that the issue may have merit. Therefore, the order of November 19, 1993 is vacated and this Court will consider the appeal de novo (*see, People v Vasquez,* 70 NY2d 1, *rearg denied* 70 NY2d 748; *People v LeFrois,* 151 AD2d 1046). Defendant's counsel is directed to file and serve defendant's brief on or before December 1, 1997, and, if so filed and served, the appeal is to be added to the calendar for the term of Court commencing February 17, 1998. Present—Denman, P. J., Green, Lawton, Boehm and Fallon, JJ.

◼ PEOPLE, Respondent, v ERIC TOLLIVER, Also Known as GERALD ANTHONY KING, Appellant. [670 NYS2d 374] —Motion for writ of error coram nobis granted and order entered July 14, 1995 (217 AD2d 978) vacated. Memorandum: Defendant contends that he was denied effective assistance of appellate counsel because counsel failed to raise an issue on direct appeal that would have resulted in reversal, specifically, whether defendant was present for certain sidebar discussions during voir dire. Upon our review of the record, we conclude that the issue may have merit. Therefore, the order of July 14, 1995 is vacated and this Court will consider the appeal de novo (*see, People v Vasquez,* 70 NY2d 1, *rearg denied* 70 NY2d 748; *People v LeFrois,* 151 AD2d 1046). Defendant is directed to file and serve his brief with this Court on or before December 1, 1997, and, if so filed and served, the appeal is to be added to the calendar for the term of Court commencing February 17, 1998. Present—Pine, J. P., Doerr, Balio, Boehm and Fallon, JJ.

◼ In the Matter of PETER S. AIELLO, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner. [668 NYS2d 960] —Order of suspension entered. Present—Pine, J. P., Lawton, Hayes, Balio and Boehm, JJ.