Peters, J.
Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered June 10, 2002 in Essex County, upon a verdict convicting defendant of the crimes of assault in the second degree (three counts) and obstructing governmental administration in the second degree.
Defendant, a prisoner at the Adirondack Correctional Facility in Essex County, was charged with crimes arising out of an incident in which he allegedly assaulted three correction officers. After trial, he was convicted of all charges. Upon appeal, defendant was assigned counsel. In the appellate brief, counsel challenges the sufficiency of the evidence and the effective assistance of trial counsel. The brief then advises that although defendant sought to have counsel raise two additional issues on appeal, one concerning defendant’s right to testify before the grand jury and the other challenging the racial composition of the jury, “the two additional issues raised by . . . [defendant] are without merit.” Counsel then argues the lack of merit.
While we can discern that appellate counsel did not find the appeal to be wholly frivolous, warranting the filing of an Anders brief (see Anders v California, 386 US 738 [1967]), his disparagement of those issues sought to be raised by defendant “affirmatively undermined arguments his client wished the court to review and, for all practical purposes, precluded his client from presenting them effectively in a pro se brief” (People v Vasquez, 70 NY2d 1, 4 [1987]). As the procedure required by the Court of Appeals in People v Vasquez (supra) was not followed, appellate counsel must be relieved and new counsel assigned.
Mercure, J.E, Spain, Mugglin and Kane, JJ., concur. Ordered *805 that the decision is withheld, counsel is relieved of assignment and new counsel to be assigned.