■ In the Matter of DIANE H., a Child Alleged to be Severely Abused. SEAMAN'S SOCIETY FOR CHILDREN AND FAMILIES et al., Respondents; MATTHEW H., SR., et al., Appellants. (Proceeding No. 1.) In the Matter of MISSY H., a Child Alleged to be Severely Abused. SEAMAN'S SOCIETY FOR CHILDREN AND FAMILIES et al., Respondents; MATTHEW H., SR., et al., Appellants. (Proceeding No. 2.) In the Matter of ALEXYA H., a Child Alleged to be Severely Abused. SEAMAN'S SOCIETY FOR CHILDREN AND FAMILIES et al., Respondents; MATTHEW H., SR., et al., Appellants. (Proceeding No. 3.) In the Matter of JOSE H., a Child Alleged to be Severely Abused. SEAMAN'S SOCIETY FOR CHILDREN AND FAMILIES et al., Respondents; MATTHEW H., SR., et al., Appellants. (Proceeding No. 4.) In the Matter of MATTHEW H., JR., a Child Alleged to be Severely Abused. SEAMAN'S SOCIETY FOR CHILDREN AND FAMILIES et al., Respondents; MATTHEW H., SR., et al., Appellants. (Proceeding No. 5.) [785 NYS2d 509]—

In five related proceedings pursuant to Social Services Law § 384-b to terminate parental rights by reason of severe abuse, the father appeals, and the mother separately appeals, from an order of disposition of the Family Court, Richmond County (Porzio, J), dated August 22, 2003, which, after a fact-finding hearing, and upon findings that they had severely abused the children, inter alia, terminated their parental rights and transferred custody and guardianship of the children to the Seaman's Society for Children and Families and the Administration for Children's Services for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

The evidence adduced at the fact-finding hearing supports, by clear and convincing evidence, the Family Court's finding as to the mother's severe abuse pursuant to Social Services Law § 384-b (8) (a). Contrary to the mother's contention, the petitioner was not required to demonstrate "diligent efforts" to strengthen the parental relationship before the Family Court could terminate her parental rights. The Family Court previously determined that reasonable efforts would not make it possible for the child to return safely to the home, and thus there was no need to show diligent efforts to reunite the family (see Social Services § 384-b (8) (a) (iv); Matter of Marino S., 293 AD2d 223 [2002], affd 100 NY2d 361 [2003], cert denied 540 US 1059 [2003]).

We have reviewed the record and agree with the father's assigned counsel that there are no nonfrivolous issues which could be raised on his appeal. Counsel's application for leave to withdraw as counsel to the father is granted (see Anders v California, 386 US 738 [1967]; People v Vasquez, 70 NY2d 1; People v Paige, 54 AD2d 631 [1976]; cf. People v Gonzalez, 47 NY2d 606 [1979]). Ritter, J.P., S. Miller, Goldstein and Mastro, JJ., concur.