■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN SHEMACK, Appellant. [834 NYS2d 488]—Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered December 23, 2003, convicting him of arson in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements he made to law enforcement officials. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Alan F. Katz is relieved as the attorney for the appellant, and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Leon Tracy, 366 N. Broadway, Suite 410 #9, Jericho, N.Y. 11753-2826 is assigned as counsel to perfect the appeal from the judgment of conviction rendered December 23, 2003; and it is further,

Ordered that the People are directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon the defendant's supplemental pro se brief and this Court's independent review of the record, we conclude that potentially nonfrivolous issues exist, including, but not limited to, the effectiveness of the defendant's waiver of his right to appeal (*see People v Moyett*, 7 NY3d 892 [2006]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]) and, if such waiver is found to be ineffective, the denial of his pretrial suppression motion. Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *People v Vasquez*, 70 NY2d 1, 4 [1987]). Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.