■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY PUNTERVOLD, Appellant. [845 NYS2d 915]—Appeal by the defendant from two judgments of the County Court, Suffolk County (Gazzillo, J.), both rendered May 30, 2003, convicting him of criminal sale of a controlled substance in the second degree under indictment No. 2522-02, and robbery in the first degree and sexual abuse in the first degree under indictment No. 3088-02, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with

*Anders v California* (386 US 738 [1967]) and moves to be relieved of the assignment to prosecute these appeals.

Ordered that the motion is granted, Robert C. Mitchell is relieved as counsel for the appellant, and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Alan Polsky, 630 Johnson Avenue, Bohemia, N.Y., 11716, is assigned as counsel to perfect the appeals from the judgments of conviction rendered May 30, 2003; and it is further,

Ordered that the People are directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order and the People shall serve and file their brief Court the defendant was granted leave to prosecute the appeals as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not limited to, the voluntariness of the defendant's pleas (*see People v Hill,* 9 NY3d 189 [2007]; *People v Louree,* 8 NY3d 541 [2007]; *People v Catu,* 4 NY3d 242 [2005]; *People v Kirksey,* 43 AD3d 472 [2007]). Accordingly, assignment of new counsel is warranted (*see People v Stokes,* 95 NY2d 633, 638 [2001]; *People v Vasquez,* 70 NY2d 1, 4 [1987]). Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.