■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE JACOBS, Appellant. [858 NYS2d 366]—Appeal by the defendant from a judgment of the County Court, Westchester County (Smith, J.), rendered October 6, 2004, convicting him of attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, and Robert Tendy is relieved as counsel for the appellant and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Anthony M. Giordano, 100 Executive Blvd., Suite 204, Ossining, N.Y. 10562, is assigned as counsel to perfect the appeal from the judgment of conviction rendered October 6, 2004; and it is further,

Ordered that the People are directed to furnish a copy of the certified transcript of the proceedings to new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were

directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not limited to, whether the defendant's motion pursuant to CPL 330.30 (3) to set aside the verdict should have been granted, and whether the verdict of guilt was against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]; *People v Salemi*, 309 NY 208 [1955], *cert denied* 350 US 950 [1956]). Accordingly, the assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *People v Vasquez*, 70 NY2d 1, 4 [1987]). Prudenti, P.J., Miller, Carni and Chambers, JJ., concur.