■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK LORICK, Appellant. [859 NYS2d 380]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered December 6, 2005, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), and moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, David L. Rich, Esq., is relieved as counsel for the appellant, and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Philip C. Schnabel, 33 Schnabel Lane, Chester, N.Y., 10918, is assigned as counsel to perfect the appeal from the judgment of conviction rendered December 6, 2005; and it is further,

Ordered that the People are directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order, and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not limited to, the voluntariness of the defendant's plea, because the court failed to inform the defendant that the sentence would include a period of postrelease supervision (*see People v Louree,* 8 NY3d 541 [2007]; *People v Catu,* 4 NY3d 242 [2005]; *People v Kirksey,* 43 AD3d 472 [2007]). Accordingly, the assignment of new counsel is warranted (*see People v Stokes,* 95 NY2d 633, 638 [2001]; *People v Vasquez,* 70 NY2d 1, 4 [1987]). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.