■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNIE SIMMONS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered October 15, 1987, convicting her of attempted criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute the appeal.

Ordered that the motion is granted, Leslie Martin Shamis is relieved as attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Marilyn Feuer, of 18 East 12th Street, No. 3A, New York, N. Y., 10003, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel assigned herein; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738, *supra)* in which he seeks to be relieved of the assignment to prosecute this appeal. Annexed to the *Anders* brief is a copy of a letter from the defendant to her counsel outlining certain issues which she wanted raised on appeal. In the *Anders* brief, counsel simply rejects those potential issues as "not meritorious". As the Court of Appeals observed in *People v Vasquez* (70 NY2d 1, 4), counsel thereby disparaged the claims his client wanted addressed and "for all practical purposes, precluded his client [if she was so advised] from presenting them effectively in a *pro se* brief". Accordingly, new counsel must be assigned and consideration of the appeal deferred until the filing of further briefs. Thompson, J. P., Bracken, Brown, Sullivan and Rosenblatt, JJ., concur.