■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEN BREWLEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered April 19, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which she moves to be relieved of the assignment to prosecute the appeal.

Ordered that the motion is granted, Elaine Jackson Stack is relieved as attorney for the defendant and she is directed to

turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Wallace Germain, of 1 School Street, Glen Cove, New York, 11542, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738, *supra)* in which she seeks to be relieved of the assignment to prosecute this appeal. Annexed to the *Anders* brief is a copy of a letter from the defendant to his counsel outlining several issues which he wanted to raise on appeal. Nevertheless, in the *Anders* brief counsel at some length rejected those potential issues as frivolous. As the Court of Appeals has observed in *People v Vasquez* (70 NY2d 1, 4), counsel thereby disparaged the claims her client wanted addressed and "for all practical purposes, precluded [her] client [if he was so advised] from presenting them effectively in a *pro se* brief". Under the circumstances, the motion of the defendant's assigned counsel to be relieved as counsel is granted and new appellate counsel is assigned *(see, People v Gonzalez,* 47 NY2d 606; *People v Casiano,* 67 NY2d 906; *People v Miller,* 99 AD2d 1021). Mangano, P. J., Lawrence, Rosenblatt and O'Brien, JJ., concur.