■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL SITO, Also Known as JOHN ROSS, Appellant.—On the court's own motion, it is,

Ordered that the decision and order on motion of this court dated March 18, 1992, is recalled and vacated, and the following decision and order is substituted therefor;

Appeal by the defendant from three judgments of the Supreme Court, Kings County (Goldman, J.), all rendered January 24, 1990, convicting him of burglary in the second degree (three counts, one count as to each indictment), upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Leon H. Tracy is relieved as attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Daniel Rosenfeld, of 26 Court Street, Brooklyn, New York, 11201, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Assigned counsel has submitted a purported *Anders* brief which does not state that he has reviewed the record in order to determine if there are any nonfrivolous issues which could be advanced on appeal. Thus, assigned counsel's brief does not comport with the principles set forth in *Anders v California (supra)* at which, *inter alia,* requires that assigned counsel conscientiously examine the record and, if such is the case, state that there are no nonfrivolous issue which can be advanced on appeal *(see, Anders v California, supra,* at 744-745; *see also, People v Casiano,* 67 NY2d 906, 907; *People v Gonzalez,* 47 NY2d 606, 610-612).

Under the circumstances, the motion of the defendant's assigned counsel to be relieved as counsel is granted and new counsel is assigned *(see, People v Gonzalez, supra; People v Casiano, supra).* Thompson, J. P., Harwood, Rosenblatt and Miller, JJ., concur.