■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL DE VITO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered January 14, 1986, convicting him of criminal possession of stolen property in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Howard G. O'Rourke, of 104 South Central Avenue, Valley Stream, N. Y., is relieved as attorney for the defendant and he is directed to turn over

all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Sally Wasserman, Esq., of 39 S. Ocean Avenue, Freeport, N. Y. 11520, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Preparing an *Anders* brief is an important responsibility, one that requires counsel to search the record with care, and if such is the case, state that there are no nonfrivolous issues which can be advanced on appeal. What is required is a thorough, lawyer-like piece of work that reveals counsel's conscientious examination of the facts and law involved in appellant's case *(see, Anders v California,* 386 US 738, *supra; United States v Zuluaga,* 981 F2d 74 [2d Cir]; *Nell v James,* 811 F2d 100, 104; *People v Gonzalez,* 47 NY2d 606, 610-612; *People v Sito,* 182 AD2d 652). Upon reading counsel's sparse three page brief, we believe that such a conscientious examination has not been performed in this case.

Moreover, based upon this Court's independent review of the record, we conclude that arguable issues exist with respect to, *inter alia,* the court's imposition of restitution. Under the circumstances, the motion of the defendant's assigned counsel to be relieved as counsel is granted and new appellate counsel is assigned *(see, People v Gonzalez,* 47 NY2d 606, *supra; People v Casiano,* 67 NY2d 906; *People v Miller,* 99 AD2d 1021). Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.