■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILES RICHARDS, Appellant. [608 NYS2d 318] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered March 11, 1993, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738), in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Thomas Andrew O'Keefe is relieved as attorney for the defendant, and he is directed to turn over all the papers in his possession to new counsel assigned herein; and it is further,

Ordered that Kevin Gilleece of 399 Knollwood Road, Suite 206, White Plains, N.Y., 10603, is assigned to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of

the stenographic minutes to the new assigned counsel; and it is further,

Ordered that the new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738, *supra),* in which he seeks to be relieved of the assignment to prosecute this appeal. Annexed to his *Anders* brief are copies of letters from the defendant outlining several issues which the defendant wanted counsel to raise on appeal. In his *Anders* brief, however, assigned counsel discussed the defendant's points in detail and rejected them as lacking in merit. In so doing, counsel disparaged the claims his client wanted him to address and "for all practical purposes, precluded his client from presenting them effectively in a *pro se* brief" *(People v Vasquez,* 70 NY2d 1, 4; *People v Duncan,* 196 AD2d 827; *People v Faulk,* 185 AD2d 991; *People v Brewley,* 178 AD2d 483, 484; *People v Williams,* 176 AD2d 372, 373). Under the circumstances, the motion of the defendant's assigned counsel is granted and new counsel is assigned. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.