■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINUS NELSON, Appellant. [680 NYS2d 860] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered August 2, 1993, convicting him of attempted murder in the second degree, upon a jury verdict, and manslaughter in the first degree, upon his plea of guilty, and imposing sentence. Retained counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Gregory C. Clarke is relieved as counsel for the defendant, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Michael O'Brien, 1205 Franklin Avenue, Garden City, N. Y. 11530 is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The *Anders* brief submitted by appellate counsel reveals that he failed to undertake the conscientious examination of the facts and applicable law necessary to aid this Court in reviewing the case (*see, Anders v California,* 386 US 738, 744-745, *supra; People v Gonzalez,* 47 NY2d 606, 610-611; *People v De Vito,* 188 AD2d 544).

Furthermore, based upon this Court's independent review of the record, we conclude that nonfrivolous issues exist with respect to, *inter alia,* whether the People met their burden of proving the defendant's guilt beyond a reasonable doubt and whether the sentence imposed was excessive. Under the circumstances, the motion of the defendant's retained counsel to be relieved as counsel is granted and new appellate counsel is assigned (*see, People v Casiano,* 67 NY2d 906). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.