■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD P. GARNETT, Appellant. [711 NYS2d 208] —Lahtinen, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered May 27, 1999, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On September 18, 1998, a Grand Jury returned a two-count indictment against defendant charging him with criminal sale of a controlled substance in the third degree and unlawful possession of marihuana. The first count arises from a April 8, 1998 sale of two $20 bags of cocaine to undercover police officers. One undercover officer transmitted a description to a nearby backup team, who located and detained defendant. The backup team questioned defendant concerning a fabricated incident and asked defendant his name, address and telephone number. While the backup team detained defendant, one of the undercover officers involved in the cocaine sale passed by in a car and confirmed the identity of defendant. In an effort to protect the identity of the undercover officers and pursuant to police procedure, the backup team did not arrest defendant at this time and allowed him to leave intending to pick him up at a later time.

On May 20, 1998, a member of the backup team observed defendant at the police station where he was giving a statement on an unrelated matter. The officer recognized defendant from the April 8, 1998 encounter and arrested him. During a strip search of defendant, police recovered a small amount of marihuana.

At a *Wade* hearing, defendant sought to suppress the undercover officer's drive-by identification. Although the undercover officer did not testify at the hearing, County Court denied defendant's request, apparently relying on testimony

from a member of the backup team who stated that defendant fit the undercover officer's radio description made minutes after the drug purchase.

Defendant's first trial ended with a conviction on the count for unlawful possession of marihuana and a mistrial on the count for criminal sale of a controlled substance in the third degree. After a second trial, defendant was convicted of the remaining count and sentenced as a second felony offender to an indeterminate term of imprisonment of 6 to 12 years.* This appeal ensued.

Defense counsel seeks to be relieved of her assignment on the ground that no nonfrivolous issues can be raised on appeal. Our review of the record indicates at least two potential nonfrivolous issues, one regarding the undercover officer's drive-by identification of defendant in light of the fact that this officer's testimony was not tested at the *Wade* hearing and another issue regarding whether defendant's sentence was harsh and excessive. Accordingly, we will assign new counsel to represent defendant on appeal and grant defense counsel's application to be relieved of her assignment (*see, People v Cruwys*, 113 AD2d 979, *lv denied* 67 NY2d 650).

Crew III, J. P., Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.

---

* Regarding the unlawful possession of marihuana conviction, defendant received a sentence amounting to time served.