■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL L. GILLIAM, Appellant. [720 NYS2d 854] —Cardona, P. J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered March 15, 1995, upon a verdict convicting defendant of the crimes of manslaughter in the first degree and robbery in the first degree.

In 1994, a three-count indictment against defendant charged him with murder in the first degree, murder in the second degree and robbery in the first degree. The charges arose from an incident which occurred on May 26, 1994 wherein the victim, who was acquainted with defendant, was stabbed to death in his home and money was taken. The trial evidence indicated that defendant, who had been drinking with the victim earlier in the evening, returned to the victim's home to borrow money. At trial, defendant testified that, after the victim made a racial slur, they fought and defendant grabbed a kitchen knife, allegedly in self-defense, and stabbed the victim. Defendant stated that he then panicked, picked up $50 from the floor and left to buy crack cocaine. In addition to asserting self-defense as justification for the killing, defendant contended that due to a previous unrelated beating by the victim, extreme emotional distress mitigated the killing. Ultimately, defendant was convicted of manslaughter in the first degree and robbery in the first degree, and sentenced to concurrent terms of imprisonment of 8⅓ to 25 years, resulting in this appeal.

Defense counsel seeks to be relieved of her assignment as counsel on the ground that no nonfrivolous issues can be raised on appeal. Defendant submits a *pro se* letter alleging several trial errors and the claim that he received ineffective assistance of trial counsel. Significantly, our review of the record reveals the existence of various potential nonfrivolous issues of "arguable merit" (*People v Cruwys*, 113 AD2d 979, 980, *lv denied* 67 NY2d 650; *see, People v Stokes*, 95 NY2d 633; *People v Espino*, 279 AD2d 798), including whether the People disproved self-defense beyond a reasonable doubt, whether County Court properly denied defendant's request to charge the lesser included offense of petit larceny and whether defendant's sentence was harsh and excessive. Accordingly, we will assign new counsel to represent defendant on appeal and

grant defense counsel's application to be relieved of her assignment (*see, People v Garnett*, 274 AD2d 667; *People v Cruwys, supra*; *see also, Anders v California*, 386 US 738).

Mercure, Crew III, Spain and Mugglin, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.