■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS HERRERA, Appellant. [722 NYS2d 742] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered September 24, 1999, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute the appeal.

Ordered that the motion is granted, and that Edward T. Mechmann is relieved as the attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that pursuant to County Law § 722, Jessica Hagel at 204 Lakeview Avenue, West Harrison, N. Y. 10604, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

In his brief, assigned counsel has indicated that his client

suggested issues relating to the legal sufficiency and weight of the evidence introduced against him at trial that he believed could be raised on appeal. Counsel "then proceeded to analyze th[ese] issue[s] in the brief and demonstrate why [they were] factually and legally without merit, thereby disparaging his client's appellate claims and 'for all practical purposes, preclud[ing] his client from presenting them effectively in a *pro se* brief* " (*People v Orve,* 178 AD2d 564, quoting *People v Vasquez,* 70 NY2d 1, 4; *see also, People v Brewley,* 178 AD2d 483; *People v Simmons,* 156 AD2d 602; *cf., McCoy v Court of Appeals,* 486 US 429). Also, the defendant's argument concerning the weight of the evidence, and other arguments, including but not limited to the argument that there should be a new trial due to prosecutorial misconduct in summation, cannot be characterized as "wholly frivolous" (*People v Vasquez, supra,* at 3, quoting *Anders v California,* 386 US 738, 744). The defendant is entitled to "substantially the same assistance of counsel as one who can afford to retain an attorney of his choice" (*People v Gonzalez,* 47 NY2d 606, 610; *see, Douglas v California,* 372 US 353; *Nickols v Gagnon,* 454 F2d 467). For these reasons, new counsel must be assigned. Krausman, J. P., Goldstein, Luciano and Feuerstein, JJ., concur.