■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JAMES, Appellant. [730 NYS2d 167] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered March 10, 1998, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Martin Geoffrey Goldberg, Esq., is relieved as the attorney for the defendant, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Steven A. Feldman, Esq., of 300 Rabro Drive, Hauppauge, N. Y. 11788, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The defendant's counsel has submitted a brief in which he concludes that there are no nonfrivolous issues to be raised on appeal. Based upon this Court's independent review of the record, we conclude that an arguable issue exists with respect to the excessiveness of the sentence (*see, People v Taylor,* 235 AD2d 508). In addition, in his brief, assigned counsel indicated

that the defendant suggested that an issue relating to the sentence could be raised on appeal. Counsel analyzed this issue in the brief and concluded that the sentence was not excessive, thereby disparaging the defendant's appellate claim and precluding him from effectively presenting this claim in a *pro se* brief (*see, People v Herrera,* 282 AD2d 472; *People v Richards,* 201 AD2d 746; *see also, People v Vasquez,* 70 NY2d 1). For these reasons, the motion of the defendant's assigned counsel to be relieved as counsel is granted and new appellate counsel is assigned to raise any appropriate issues. Ritter, J. P., S. Miller, Luciano and Crane, JJ., concur.