■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED TRUSS, Appellant. [732 NYS2d 237] —Appeal by the defendant from a judgment of the County Court, Westchester County (LaCava, J.), rendered February 20, 1998, convicting him of criminal possession of a weapon in the third degree (two counts), after a nonjury trial, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, and Robert P. McGrath is relieved as attorney for the defendant and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that pursuant to County Law § 722, Barry Warhit of 399 Knollwood Road, Suite 105, White Plains, N. Y. 10603, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Assigned counsel has submitted an *Anders* brief (*see, Anders v California,* 386 US 738), stating that he reviewed the record

and found "no meritorious issues which could be raised on appeal." However, the question is not whether any meritorious issues could be raised on appeal, but rather whether any issues raised would be "wholly frivolous" (*People v Stokes,* 95 NY2d 633, 636; *see, People v Gonzalez,* 47 NY2d 606; *People v Herrera,* 282 AD2d 472). Moreover, the brief submitted to this Court was insufficient since it contained no reference to the facts and merely "advise[d] the court on the ultimate merit of defendant's appeal" (*People v Stokes, supra,* at 639). An *Anders* brief must be "a thorough, lawyer-like piece of work that reveals counsel's conscientious examination of the facts and law involved in appellant's case" (*People v De Vito,* 188 AD2d 544, 545). Based upon this Court's independent review of the record, we conclude that arguable issues exist with respect to, *inter alia,* whether the sentence imposed was excessive, which cannot be considered wholly frivolous. Therefore, new counsel must be assigned. Santucci, J. P., S. Miller, Friedmann and Cozier, JJ., concur.