■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN ROMAN, Appellant. [737 NYS2d 550] —Appeal by the defendant from a judgment of the County Court, Westchester County (Perone, J.), rendered January 22, 1999, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement authorities and identification evidence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, and William E. Penny is relieved as the attorney for the defendant and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that pursuant to County Law § 722, Andrew E. MacAskill of 1111 Route 110, Suite 343, Farmingdale, N.Y. 11735, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief

within 120 days of the date of this decision and order; by prior decision and order of this Court, we directed that the appeal be prosecuted on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The *Anders* brief (*see, Anders v California,* 386 US 738) submitted by assigned counsel does not establish that he undertook "the conscientious examination of the facts and applicable law necessary to aid this Court in reviewing the case" (*People v Nelson,* 255 AD2d 461, 462; *see, People v Stokes,* 95 NY2d 633; *People v Truss,* 287 AD2d 750, 751; *People v De Vito,* 188 AD2d 544, 545).

Furthermore, based upon this court's independent review of the record, we conclude that nonfrivolous issues exist with respect to, inter alia, whether the defendant knowingly and voluntarily waived his right to appeal and to seek review of the denial of those branches of his omnibus motion which were to suppress his statements to law enforcement authorities and identification evidence, and, if not, whether those branches of the omnibus motion were properly denied. Krausman, J.P., Friedmann, Adams and Crane, JJ., concur.