■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WASHINGTON, Appellant. [764 NYS2d 872] —Appeal by the defendant from a judgment of the County Court, Orange

County (Rosenwasser, J.), rendered May 18, 2001, convicting him of criminal possession of a controlled substance in the fourth degree and aggravated unlicensed operation of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which he moved to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Bruce D. Townsend is relieved as the attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Philip Schnabel, 33 Schnabel Lane, Chester, NY, 10918 is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The *Anders* brief (*see Anders v California,* 386 US 738 [1967]) submitted by assigned counsel does not establish that he undertook a conscientious examination of the facts and applicable law necessary to aid this Court in reviewing the case (*see People v Roman,* 291 AD2d 461, 462 [2002]). Based upon this Court's independent review of the record, we conclude that nonfrivolous issues exist with respect to, inter alia, whether evidence that the defendant possessed $1,137 in cash at the time of his arrest was properly admitted at trial (*see People v Morales,* 133 AD2d 90, 91 [1987]), and whether certain comments by the prosecutor in summation based upon that evidence deprived the defendant of a fair trial. Ritter, J.P., Goldstein, McGinity and Crane, JJ., concur.