■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN N. ROWLAND, Appellant. [783 NYS2d 316]—Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered January 12, 2004, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with attempted criminal possession of a forged instrument in the second degree. He pleaded guilty to the charge and was sentenced, among other things, to five years' probation. As part of the plea, he also waived his right to appeal. Thereafter, defendant was charged with violating the terms of his probation by failing to report to his probation officer as required. He was found guilty of the charge following a hearing and his probation was revoked. He was then resentenced to 1 to 3 years in prison.

Defendant's sole contention on appeal is that the sentence imposed for the underlying crime following the revocation of his probation is harsh and excessive. Preliminarily, we note that defendant's original waiver of appeal does not preclude him from raising this issue as it concerns the resentencing (*see People v Cheatham*, 278 AD2d 889 [2000]; *People v Rodriguez*, 259 AD2d 1040 [1999]). Upon reviewing the record, we find no abuse of discretion or extraordinary circumstances warranting a reduction of his sentence in the interest of justice. Defendant

exhibited a total disregard for the requirement that he report to his probation officer by failing to do so on numerous occasions between June 2002 and June 2003. With these facts and defendant's criminal history, we find no reason to disturb the sentence (*see People v Barkley*, 289 AD2d 880 [2001]; *People v Langlois*, 243 AD2d 775 [1997], *lv denied* 92 NY2d 855 [1998]).

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.