■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QIANA ALLEN, Appellant. [785 NYS2d 355]—Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered August 18, 2000, upon a verdict convicting defendant of the crime of manslaughter in the second degree.

Defendant was charged in a five-count indictment with murder in the second degree, manslaughter in the second degree, assault in the second degree, assault in the first degree and criminal possession of a weapon in the fourth degree. The charges stem from the stabbing death of defendant's fiancé. During the ensuing trial, defendant maintained that the stabbing was in self-defense and offered evidence of prior domestic abuse. Defendant ultimately was convicted of manslaughter in the first degree and was sentenced to 2 to 6 years in prison.

Defense counsel seeks to be relieved of his assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. Our review of the record, however, reveals various potential nonfrivolous issues of "arguable merit" (*People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]), including whether the People disproved self-defense beyond a reasonable doubt and whether the sentence imposed was harsh and excessive (*see e.g. People v Gilliam*, 281 AD2d 657 [2001]). Accordingly, we will grant defense counsel's application to be relieved of his assignment and will assign new counsel to represent defendant on appeal and raise any issues that the record may reveal (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Cruwys, supra*).

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.