■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT L. VENABLE, Appellant. [790 NYS2d 755]—

Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered December 16, 2002, which revoked defendant's probation and imposed a sentence of imprisonment.

In 1999, defendant pleaded guilty to burglary in the third degree, waived his right to appeal and was sentenced to six months' imprisonment and five years' probation. In 2002, defendant was charged with and later admitted to violating the terms of his probation, whereupon his probation was revoked and he was resentenced to $1^{1}/_{3}$ to 4 years in prison. Defense counsel seeks to be relieved of his assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. Upon our review of the record and defense counsel's brief, we disagree.

As we held subsequent to defense counsel's submission of an *Anders* brief in this case, defendant's original waiver of appeal does not preclude him from arguing on appeal that the sentence imposed for the underlying crime following the revocation of his probation is harsh and excessive (*see People v Rowland*, 11 AD3d 825 [2004]; *see also People v Cheatham*, 278 AD2d 889 [4th Dept 2000], *lv denied* 96 NY2d 798 [2001]; *People v Rodriguez*, 259 AD2d 1040 [4th Dept 1999]; *see e.g. People v Spriggs*, 8 AD3d 833 [2004], *lv denied* 3 NY3d 681 [2004]; *People v Brown*, 3 AD3d 593, 593 [2004]; *People v Abar*, 290 AD2d 592 [2002], *affd* 99 NY2d 406 [2003]; *People v Espino*, 279 AD2d 798, 800 [2001]), necessarily disagreeing with the contrary position adopted by the Second Department (*see People v Bennett*, 269 AD2d 401 [2d Dept 2000], *lv denied* 94 NY2d 916 [2000]; *People v Strunkey*, 268 AD2d 492 [2d Dept 2000], *lv denied* 95 NY2d 804 [2000]). Since the record discloses at least one potential issue of arguable merit pertaining to the sentence as harsh or excessive (*see People v Allen*, 13 AD3d 663 [2004]; *People v Gilliam*, 281 AD2d 657, 657-658 [2001]), we grant defense counsel's application to be relieved of his assignment and assign new counsel to represent defendant on appeal and raise any issues that the record may disclose (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]).

Cardona, P.J., Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.