■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL M. CRUZ, Appellant. [803 NYS2d 448]—Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered September 5, 2003, which revoked defendant's probation and imposed a sentence of imprisonment.

Pursuant to a negotiated plea agreement, defendant pleaded guilty to rape in the third degree in satisfaction of a 12-count indictment and was sentenced to 10 years probation. County Court thereafter found that defendant willfully violated the terms of his probation, whereupon defendant's probation was revoked and a sentence of 1$\frac{1}{3}$ to 4 years in prison was imposed. On appeal, defense counsel seeks to be relieved of his assignment as counsel for defendant on the ground that there are no nonfrivolous issues that can be raised on appeal. Our review of the record and defense counsel's brief, however, reveals potential nonfrivolous issues of "arguable merit" (*People v Cruwys*, 113 AD2d 979, 980 [1985], *lv denied* 67 NY2d 650 [1986]; *see People v Stokes*, 95 NY2d 633 [2001]), including whether there was sufficient evidence warranting the revocation of defendant's probation. Furthermore, we note that defendant's original waiver of the right to appeal does not preclude a challenge to the sentence imposed following the revocation of his probation (*see People v Venable*, 16 AD3d 771 [2005]; *People v Rowland*, 11 AD3d 825 [2004]). Accordingly, we will grant defense counsel's application to be relieved of his assignment and will assign new counsel to represent defendant on appeal to raise any issues that the record may reveal (*see People v Stokes, supra*; *People v Cruwys, supra*).

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.