(June 8, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS BOODROW, Appellant. [815 NYS2d 829]—Spain, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 10, 2003, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the fourth degree.

Defendant was charged in a four-count indictment with various crimes which were alleged to have occurred on November 1,

2001 in the City of Albany. After a jury trial, defendant was convicted of criminal possession of stolen property in the fourth degree. He was sentenced as a second felony offender to a prison term of 2 to 4 years, to be served consecutively to any existing sentences. Defendant appeals.

Defense counsel seeks to be relieved of his assignment as appellate counsel for defendant and has submitted a brief urging that there are no nonfrivolous issues which can be raised on appeal. Defendant submitted a pro se letter to this Court raising numerous issues and requesting that new counsel be assigned. Upon our review of the record on appeal, including the trial transcript, we find that it is unmistakably replete with potential appellate issues " 'arguable on their merits (and therefore not frivolous)' " (*People v Stokes*, 95 NY2d 633, 636 [2001], quoting *Anders v California*, 386 US 738, 744 [1967]). Without expressing any opinion as to their merits, we note the existence of clearly arguable issues upon which to base defendant's appeal, including County Court's discretionary *Sandoval* ruling (*see People v Walker*, 83 NY2d 455, 458 [1994]), the weight or legal sufficiency of the evidence adduced at trial (*see* CPL 470.15; *People v Bleakley*, 69 NY2d 490, 495 [1987]), whether defendant received the effective assistance of trial counsel (*see People v Smith*, 27 AD3d 894, 897-898 [2006]; *People v Gilliam*, 281 AD2d 657 [2001]), and whether County Court's imposition of a maximum consecutive sentence should be reduced in the interest of justice (*see People v Wright [K.O.]*, 22 AD3d 873, 876-877 [2005], *lvs denied* 6 NY3d 755, 761 [2005]). Defendant's pro se letter also raises specific issues arguable on their merits, including that prosecutorial misconduct deprived him of a fair trial and that he was deprived of the opportunity to testify before the grand jury (*see* CPL 190.50 [5]). The *Anders* brief itself identifies numerous potential issues, and the lack of preservation does not foreclose review by this Court in the interest of justice (*see* CPL 470.15 [3] [c]; [6]; *People v Santalucia*, 9 AD3d 740, 740-741 [2004]).

Accordingly, the application of counsel to be relieved of his assignment is granted and new counsel will be assigned to represent defendant on appeal to address any issues which the record may disclose (*see People v Stokes, supra*; *People v Cruwys*, 113 AD3d 979 [1985], *lv denied* 67 NY2d 650 [1986]).

Cardona, P.J., Mercure, Peters and Kane, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.