■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD A. NASH, Appellant. [831 NYS2d 326]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered January 24, 2006, convicting him of failure to register or verify his status as a sex offender, as a felony, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Joseph A. Hanshe is relieved as attorney for the defendant and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Steven A. Feldman, 626 EAB Plaza, West Tower, 6th floor, Uniondale, New York, 11556, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he seeks to be relieved of the assignment to prosecute this appeal. In this brief, counsel states that the defendant asked him to raise certain specific issues on appeal. Counsel notes that these issues are not meritorious and then proceeds to discuss at some length why these issues lack merit. By presenting the appeal in this fashion, counsel denied the defendant the effective assistance of counsel (*see People v Vasquez,* 70 NY2d 1 [1987]). Counsel disparaged the claims his client wanted addressed and "for all practical purposes, precluded his client from presenting them effectively in a pro se brief" (*People v Vasquez, supra* at 4; *People v Flythe,* 178 AD2d 429 [1991]; *People v Williams,* 176 AD2d 372 [1991]; *cf. People v Pujals,* 137 AD2d 102 [1988]). Accordingly, new counsel must be assigned and consideration of the appeal deferred until the filing of further briefs. Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.