■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS DIAZ, Appellant. [842 NYS2d 458]—Appeal by the defendant from a resentence of the County Court, Suffolk County (Crecca, J.), imposed May 10, 2005, upon his conviction of criminal sale of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the first degree (two counts), criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, and Joseph A. Hanshe is relieved as the attorney for the defendant and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Karl E. Bonheim, P.O. Box 145, 431 Griffing Avenue, Riverhead, N.Y., 11901 is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including the typewritten stenographic minutes).

Upon this Court's independent review of the record, we

conclude that a potentially nonfrivolous issue exists with respect to the excessiveness of the resentence (*see People v Chi Fong Chen*, 37 AD3d 845 [2007]; *People v Venable*, 16 AD3d 771 [2005]; *People v Allen*, 13 AD3d 663 [2004]; *People v Truss*, 287 AD2d 750, 751 [2001]; *People v James*, 286 AD2d 739 [2001]). Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *People v Vasquez*, 70 NY2d 1, 4 [1987]). Rivera, J.P., Ritter, Florio and Fisher, JJ., concur.