■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TORRES, Appellant. [880 NYS2d 296]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Donnino, J.), rendered February 7, 2008, convicting him of criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Bruce R. Bekritsky, Esq.,

is relieved as counsel for the defendant and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Stefani Goldin, 120 Front Street, Mineola, NY 11501, is assigned as counsel to perfect the appeal from the judgment of conviction rendered February 7, 2008; and it is further,

Ordered that the People are directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which he seeks to be relieved of the assignment to prosecute this appeal. In this brief, counsel indicated that the defendant had asked him to raise certain specific issues on appeal. Counsel "then proceeded to analyze th[ese] issue[s] in the brief and demonstrate why [they were] factually and legally without merit, thereby disparaging his client's appellate claims and for all practical purposes, preclud[ing] his client from presenting them effectively in a pro se brief" (*People v Herrera*, 282 AD2d 472, 473 [2001] [internal quotation marks omitted]; *see People v Vasquez*, 70 NY2d 1, 4 [1987]; *see also People v Nash*, 38 AD3d 922 [2007]; *People v James*, 286 AD2d 739 [2001]). Accordingly, new counsel must be assigned and consideration of the appeal deferred until the filing of further briefs. Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.