■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS DUNBAR, III, Appellant. [976 NYS2d 667]—Appeal by the defendant from two judgments of the County Court, Orange County (Berry, J.), both rendered December 7, 2011, convicting

him of robbery in the first degree (two counts) under indictment Nos. 11-00046 and 11-00233, respectively, upon his pleas of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Gerald Zuckerman for leave to withdraw as counsel is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Michael G. Paul, Esq., 49 Maple Avenue, New City, N.Y., 10956, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated April 19, 2012, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

The brief submitted by the appellant's counsel pursuant to *Anders v California* (386 US 738 [1967]) is deficient because it fails to adequately analyze potential appellate issues or highlight facts in the record that might arguably support the appeal (*see People v Singleton*, 101 AD3d 909, 910 [2012]; *People v Ovalle*, 99 AD3d 1023, 1024 [2012]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252, 256 [2011]). Since the brief does not demonstrate that assigned counsel fulfilled his obligations under *Anders v California*, we must assign new counsel to represent the appellant (*see People v McNair*, 110 AD3d 742, 743 [2013]; *People v Abdul*, 102 AD3d 976, 976 [2013]; *People v Singleton*, 101 AD3d at 910; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d at 258).

In any event, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant validly waived his right to appeal, whether the defendant validly waived his right to seek review of the denial of that branch of his omnibus motion which was to suppress identification evidence,

and, if not, whether that branch of the omnibus motion was properly denied (*see People v Roman*, 291 AD2d 461, 462 [2002]). Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.