■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURIZIO MAGNOTTA, Appellant. [999 NYS2d 424]—

Appeal by the defendant from a judgment of the County Court, Putnam County (Rooney, J.), rendered December 7, 2011, convicting him of criminal sexual act in the first degree and burglary in the third degree (two counts), upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which she moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Arza Feldman for leave to withdraw as counsel is granted, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that John P. Savoca, Esq., P.O. Box 531, Yorktown Heights, N.Y., 10598, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and

order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated March 21, 2011, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the appellant's plea of guilty was knowing, voluntary, and intelligent (*see People v Kirksey*, 43 AD3d 472 [2007]), whether the defendant validly waived his right to appeal (*see People v Dunbar*, 112 AD3d 845, 846 [2013]), and whether the integrity of the grand jury proceedings was impaired by the presentation of charges arising from separate incidents. Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633, 638 [2001]; *Matter of Giovanni S. [Jasmin A.]*, 89 AD3d 252 [2011]). Rivera, J.P., Hall, Austin, Miller and Maltese, JJ., concur.